```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
THE GREEN PET SHOP ENTERPRISES, LLC,                  :
                                                      :
                              Plaintiff,              :       17-CV-6238 (JMF)
                                                      :
              -v-                                     :       SCHEDULING ORDER
                                                      :
EUROPEAN HOME DESIGN, LLC,                            :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 28, 2019, the parties submitted a joint status letter with a proposed schedule for the case. *See* Docket No. 83. The Court ADOPTS that schedule in part as follows:

- Final infringement contentions are due April 29, 2019;
- Final invalidity contentions are due May 14, 2019;
- Opinions of counsel (if any) are due May 14, 2019;
- Expert report of parties with burden of proof are due May 28, 2019;
- Rebuttal expert reports are due June 27, 2019;
- The close of expert discovery is July 26, 2019; and
- Any dispositive motions must be filed within thirty days of the close of expert discovery.

The following additional procedures and deadlines also apply:

- As set forth above, any summary judgment motions, if applicable, and, additionally, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

- Unless otherwise ordered by the Court, within thirty days of the close of expert discovery, or if a dispositive motion has been filed, within thirty days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Federal Rule of Civil Procedure 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

- If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed voir dire questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

- Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

Although fact discovery has already closed, the Court informs the parties of the following rules regarding motion practice, conferences, and discovery:

- All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

- Absent leave of Court, by Thursday of the week prior to any future conference, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case. The letter should include the following information in separate paragraphs: (1) A statement of all existing deadlines, due dates, and/or cut-off dates; (2) A brief description of any outstanding motions; (3) A brief description of the status of discovery and of any additional discovery that needs to be completed; (4) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any; (5) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program); (6) A statement of the anticipated length of trial and whether the case is to be tried to a jury; (7) A statement of whether the parties anticipate filing motions for summary judgment; and (8) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

- The parties should not anticipate extensions of the deadlines for expert discovery. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

- In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must

first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.  Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

Additionally, regarding settlement, the Court hereby ORDERS that all counsel must meet in person for at least one hour to discuss settlement prior to the filing of any dispositive motions or Joint Pretrial Order.  To that end, the parties are ORDERED to meet and confer regarding settlement and to submit a joint status letter on that score by **April 18, 2019**.  In the joint status letter, the parties should indicate whether they are interested in referral to a Magistrate Judge, the Court-annexed Mediation Program, or if they agree to private mediation.

Finally, in light of this Order, the pretrial conference scheduled for April 4, 2019, *see* Docket No. 80, is CANCELLED as unnecessary.  Defendant's request to participate in the conference by telephone, *see* Docket No. 84, is therefore DENIED as moot.

The Clerk of Court is directed to terminate Docket No. 84.

SO ORDERED.

Dated: April 1, 2019  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

3